UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHRNAZ MORTAZAVI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BOOZ ALLEN HAMILTON, INC. et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-07189-SB-RAO<br><br>ORDER TO SHOW CAUSE RE SANCTIONS |

　　　　Defendant Booz Allen Hamilton, Inc. removed this case based on diversity jurisdiction, arguing that the Court should disregard the citizenship of nondiverse Defendant Eric Hoffman as a "sham" defendant fraudulently joined to defeat diversity jurisdiction. Dkt. No. 1.

　　　　On August 26, the Court ordered the parties to meet and confer to discuss whether Plaintiff should dismiss her claim against Hoffman. Dkt. No. 13. The Court also ordered Plaintiff to either dismiss her claim against Hoffman or file a motion to remand by September 6. *Id.*

　　　　On August 30, Booz Allen Hamilton filed a motion to dismiss, but failed to meet and confer with Plaintiff's counsel as required by Local Rule 7-3 and the Court's Standing Order. Dkt. No. 14. Finding that both parties did not comply with the requirement, though identifying Plaintiff as more culpable, the Court struck the motion on September 4. Dkt. No. 15. In the order, the Court explained the requirements of Rule 7-3 and the Standing Order, stressed the importance of the meet and confer requirement, and described the consequences of failing to comply with the requirement, which include the issuance of an order to show cause (OSC) re sanctions and striking or denying the motion. It also warned that, if

Plaintiff again failed to cooperate with Defendant to ensure compliance with the meet and confer requirement, such conduct could warrant sanctions. *Id.*

Plaintiff filed her motion to remand on September 11, violating not only the Court's August 26 order, but also Rule 7-3, ignoring the admonitions in the September 4 order. Dkt. No. 18. The explanation for the late filing is inadequate. Plaintiff's counsel explains that she was focused on issues about serving Hoffman and never saw the Court's August 26 order, blaming the oversight on a mistake made by her legal assistant. *Id.* at 1; Dkt. No. 18-2. As to Rule 7-3, while Plaintiff's counsel did meet and confer with Defendant's counsel, she did so on September 11—the day she filed the motion in violation of the requirement that the meeting occur at least one week before the motion is filed. Dkt. No. 18 at 2; Dkt. No. 18-1.

Plaintiff's continued failure to comply with court rules and orders—even after being warned—is concerning. Plaintiff's conduct might merit striking the motion to remand, but the Court declines to do so because it raises jurisdictional issues that must be considered. The Court has seriously considered filing an OSC re sanctions against Plaintiff and her counsel but has elected instead to issue a final warning. The conduct of Plaintiff's counsel falls below the professional standards required to practice law. Particularly after being warned, counsel should be expected, at a minimum, to read orders filed in a case. Assigning this responsibility to a legal assistant, even an able legal assistant, is no excuse. The court system depends on compliance with court orders, and it is not asking much to expect lawyers to read what a court is filing in a case. That was not done here, and any attempt to blame a legal assistant for a lawyer's failure to discharge her professional obligations serves only to aggravate the failure. The Court expects that Plaintiff's counsel will take greater care and responsibility in the future. In the event that this Court issues an OSC in the future for violating any court rule or order—either in this case or any other case in which Plaintiff's counsel is counsel of record—she is directed, by this order, to disclose this admonition.

Date: September 13, 2024

                                                     Stanley Blumenfeld, Jr.
                                                     United States District Judge