ABROLAT LAW PC
Nancy Abrolat (SBN 149799)
1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA 90067
Telephone:  (310) 615-0008
Facsimile:   (310) 615-0009
Email: Firm@EmployLawLA.com

Attorneys for Plaintiff
Mehrnaz Mortazavi

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHRNAZ MORTAZAVI,<br><br>                        Plaintiff,<br><br>vs.<br><br>BOOZ ALLEN HAMILTON, INC., a corporation; ERIC HOFFMAN, an individual, and DOES 1 through 100,<br><br>                        Defendants. | Case No.  2:24-cv-07189-SB-RAO<br><br>HONORABLE JUDGE STANLEY BLUMENFELD, JR., PRESIDING<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT – DISCRIMINATION BASED ON GENDER, DISABILITY/PERCEIVED DISABILITY, AGE;<br><br>2. VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT – RETALIATION;<br><br>3. VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT – FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;<br><br>4. VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT – FAILURE TO ACCOMMODATE; |

ABROLAT LAW PC
ATTORNEYS AT LAW



5. VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT – FAILURE TO INVESTIGATE/PREVENT;

6. FALSE PROMISE /INTENTIONAL AND NEGLIGENT MISREPRESENTATION;

7. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND

8. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

**JURY TRIAL DEMANDED**

Plaintiff Mehrnaz Mortazavi ("Plaintiff") states and alleges on her Complaint against Defendants Booz Allen Hamilton Inc., a corporation ("Booz Allen"); Eric Hoffman ("Hoffman"), an individual; and DOES 1 through 100 (collectively, "Defendants") as follows:

**NATURE OF THE ACTION**

1.       This is Plaintiff's Complaint for: (1) Violation of the Fair Employment and Housing Act ("FEHA") -- Discrimination Based on Gender, Perceived disability/disability, Age; (2) Violation of FEHA -- Retaliation; (3) Violation of FEHA -- Failure to Engage in the Interactive Process; (4) Violation of FEHA -- Failure to Accommodate; (5) Violation of FEHA -- Failure to Investigate / Prevent and/or Correct FEHA Violations; (6) False Promise / Intentional and Negligent Misrepresentation; (7) Wrongful Termination in Violation of Public Policy; and (8) Violation of California Unfair Competition Law.

2.       In May 2022, Plaintiff filed a timely complaint against Defendants with the State of California, Department of Fair Employment and Housing in which Plaintiff timely alleged each of the above referenced FEHA violations under California law, and based thereon requested and received a right to sue letter.

1

ABROLAT LAW PC
ATTORNEYS AT LAW

ABROLAT LAW PC
ATTORNEYS AT LAW

## JURISDICTION

3.    This Court has jurisdiction herein pursuant to California Government Code § 12920 *et seq*. and California Code of Civil Procedure § 395(a). Booz Allen employed Plaintiff within the State of California and/or managed Plaintiff from, made all employment decisions regarding and impacting Plaintiff from, and engaged in FEHA and contractual violations against Plaintiff from Booz Allen's offices in Los Angeles, California.

## PARTIES

4.    Plaintiff was employed by Entity Defendant and is a female, has a qualifying disability and/or was perceived as so, and was 40 or over ("Protected Categories").

5.    At all material times relevant herein, Plaintiff has been a resident of the State of California, County of Los Angeles.

6.    At all times mentioned herein, Plaintiff was regularly employed by Defendant Booz Allen who employs more than 50 employees.

7.    Defendant Booz Allen is a corporation conducting business within the State of California, Los Angeles County, regularly employs more than 200 employees within the State and is an employer as defined the California Fair Employment and Housing Act.

8.    Defendant Eric Hoffman is an individual who resides in State of California and in performing that acts alleged herein, was acting both in a personal capacity and as an agent of Booz Allen.

9.    The full extent of the facts linking the fictitiously-designated Defendants with the causes of action alleged herein are unknown to Plaintiff at this time. In addition, the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise are also unknown to Plaintiff at this time. Plaintiff, therefore, designates such Defendants as DOES 1-100, inclusive, and sues them under those fictitious names.

FIRST AMENDED COMPLAINT FOR DAMAGES

10.     To the extent such DOE Defendants are corporate entities, Plaintiff sues them in that capacity and such corporate entities are responsible for all acts of their employees, agents, representatives and principals as all alleged actions were done within the course and scope of their employment.

11.     To the extent such DOE Defendants are individuals, Plaintiff sues them in that capacity and alleges that they took the actions as agents of a corporate entity or for the benefit of themselves.

12.     Plaintiff alleges that each and every Defendant designated as DOE was responsible for the events referred to herein and, in some manner, caused injuries to Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to state the manner in which each fictitious Defendant is so responsible and will ask leave of Court to amend this Complaint to show their respective true names and capacities when ascertained.

### FACTS APPLICABLE TO ALL CAUSES OF ACTION

13.     Booz Allen is a federal contractor that must demonstrate a commitment to affirmative action to obtain lucrative federal contracts. As part of this commitment, Booz Allen publicly declares its dedication to diversity, equity, and inclusion (DEI) to both the public and the federal government. The company proudly announces:

14.     "At Booz Allen, we know we can only attract and retain the best people by providing them with opportunities to develop, value them for their contributions, and foster a sense of belonging. This is why we fully integrate diversity, equity, and inclusion (DEI) considerations into our firmwide plans, processes, and systems. Diverse, inclusive teams are innovative, curious, and adept. They understand our client mission needs and are instrumental in developing creative and effective solutions for clients. Accordingly, we invest in our employee value proposition to remain an employer of choice in a highly competitive talent marketplace. DEI is a vital part of our purpose, values, and culture, and it infuses

every aspect of our business and approach to people leadership."

15.    On information and belief as well as on Plaintiff's experiences and observations , instead of actively improving diversity and assessing employees on their merits, Booz Allen's employment policies, procedures and practices that it claims are facially neutral appear to result in a disparate impact on its female workforce. From experiences, observations and recounts of others, this disparate impact appears evident in most aspects of employment, which in turn results in a pattern of males receiving greater benefits and privileges of employment.. In sum, Booz Allen's policies, procedures and practices appear to cause Booz Allen female employees to suffer disparate impact because of their gender and/or disability/perceived disability and/or age. Plaintiff is one such victim out of many.

16.    For over two decades, Booz Allen has recognized Plaintiff as fully qualified with outstanding performance, promoting her to increasingly higher-level positions. As a recognized technical leader, Plaintiff built and managed a primary lab within the Aerospace team, showcasing Booz Allen's capabilities. Throughout her tenure, Plaintiff received commendations from senior leaders. Her performance evaluations consistently highlighted her technical skills, execution, and leadership.

17.    Work at Booz Allen is categorized as client-billable or non-billable. . Plaintiff's team focused on R&D, non-billable work, resulting in lower billable hours but benefiting the organization as a whole. Plaintiff's leadership, including Eric Hoffman assured her that billability goals did not apply to her team, allowing her to focus on developing the lab and promoting its innovations. Despite her success, Plaintiff never received sufficient support to realize the lab's full potential. Accounting practices undervalued the lab's profitability, and top management gave little consideration to its growth.

18.    After many years of hard work with minimal support, Plaintiff's health began to suffer, causing her to request a break and a temporary reduction in hours to recuperate and return. Although Booz Allen refused the request for various invalid

ARROLAT LAW PC
ATTORNEYS AT LAW

4

reasons, Plaintiff continued to request part-time work or an appropriate leave to have time off or reduced hours and reduced stress to restore her health. In response, Booz Allen engaged in a pattern of retaliation against Plaintiff for requesting accommodation and the interactive process, including attempting to add invalid billable hour requirements to her performance criteria and reducing her performance review ratings without valid reason. Because Plaintiff continued to seek a medical leave or part-time work, Booz Allen terminated her employment for fabricated performance reasons. Thereafter, Booz Allen stated that Plaintiff could stay if she found a billable project before a specified date, but had no intention of allowing Plaintiff to return and instead treated her differently because of her gender, disability/perceived disability, age and because she had requested accommodation. This included HR erecting artificial roadblocks and changed terms, demonstrating Booz Allen's intent not to allow Plaintiff to return due to discrimination and retaliation.

## **ADDITIONAL STATEMENT OF FACTS:**

19.    Booz Allen Hamilton consistently recognized Plaintiff as a highly qualified and exemplary employee, respected by peers and management alike. She served as a Senior Associate within Booz Allen's Aerospace team, establishing and leading the Communications Lab since its inception in 2014.

20.    Under her leadership, the lab thrived, specializing in designing and developing communications and navigation solutions for clients such as the Navy, Air Force, National Agencies, and NASA. The lab's work was crucial to Booz Allen's Centerline Strategy, transitioning the firm from a consulting business to a solutions-driven model. Plaintiff's contributions were vital to this shift, delivering critical prototypes and solutions that enhanced Booz Allen's reputation.

21.    Plaintiff's efforts were regularly praised by senior leaders, including the CEO, who personally visited the lab on multiple occasions, recognizing its role in securing differentiated work. Despite the lab's focus on R&D and capability

ABROLAT LAW PC
ATTORNEYS AT LAW

development, which naturally resulted in lower billability (time spent on client projects), leadership repeatedly assured Plaintiff that billability metrics were not applicable to her team's unique work.

22.    Leadership explicitly told her that they wouldn't even know what billables would look like for the work she did. Whenever the firm pushed for higher billability, Plaintiff was advised not to worry about the billable requirement, as these metrics could not apply to her because of the sheer number of nonbillable hours she was required to work on the lab mission.

23.    Between 1997 and 2022, Plaintiff earned a reputation for exceptional leadership, particularly in developing Wavy Lab and Software Defined Radio technologies, recognized for their complexity and value across Booz Allen's departments. Her ability to lead and collaborate with teams in Colorado Springs, Linthicum, and San Diego further solidified her role as a key contributor. Plaintiff received numerous accolades, including the 20 Years of Service Award and Silver Award in 2017, followed by the Patent, Silver, and Platinum Awards in 2019, reinforcing her status as an indispensable asset.

24.    Booz Allen, through its agent Eric Hoffman, falsely assured Plaintiff that the billability metrics applied to other employees would not affect her or her team. Hoffman explicitly stated that her performance would be evaluated based on her leadership and management of the Lab, as her work did not involve billable hours. Relying on these assurances, Plaintiff concentrated her efforts on building the Lab, which became a significant asset to Booz Allen's technical capabilities. However, when Hoffman made these representations to Plaintiff, continuing into 2021, he knew, should have known, or acted with reckless disregard for the fact that the billable hour requirement would ultimately be applied to her. Hoffman's intent was to ensure Plaintiff focused on the Lab, recognizing the importance of her work to Booz Allen, despite knowing the billable hours would impact her later.

25.    During Plaintiff's tenure, she developed a health condition qualifying

FIRST AMENDED COMPLAINT FOR DAMAGES

as a disability under the Fair Employment and Housing Act (FEHA) that impacted the major life activity of working: Plaintiff required part-time work, time off or other accommodation to address her limitations caused by her excessively stressful work demands. Despite her condition, Plaintiff continued to perform the essential functions of her job. In late February/early March 2022, Plaintiff discussed her request for accommodation of part-time work, time off or other accommodation to address her excessively stressful work demands. These requests were made to Brian Zimmermann and Eric Hoffman, both of whom were aware of her need for accommodation and her request to engage in the interactive process. Booz Allen, however, ignored her requests and refused to offer any accommodations, ultimately terminating her under false pretenses.

26.    In late February or early March 2022, Eric Hoffman, under the direction of John Silvas, abruptly imposed billability requirements on Plaintiff to be met by April 2022, an objectively impossible demand. These requirements were retroactively included in her performance evaluation, despite prior assurances that they would not apply. This sudden change in policy resulted in Plaintiff's termination for allegedly failing to meet the newly added unreasonable requirements.

27.    In further discrimination due to disability, gender and age and retaliation for her accommodation requests, Plaintiff's supervisors—John Silvas, Joe Burke, Jeff Johnson, Brian Zimmermann, Jason Badgley, Marc Hernandez, Eric Hoffman, and Michael Johnston—fabricated negative performance reviews. For example, on March 25, 2022, Plaintiff received an unjustified negative evaluation, contradicting her long-standing track record of excellence and criticizing her for not satisfying the billable hour requirement.

28.    In further discrimination due to disability, gender and age and retaliation for her accommodation requests, Booz Allen terminated Plaintiff for the pretextual and fraudulent reason of not satisfying the billable hour requirement. This

ABROLAT LAW PC
ATTORNEYS AT LAW

termination decision substantially motivated by Plaintiff's workplace injury, her requests for accommodation and to engage in the interactive process, her need for an accommodation, her gender, and her age, all of which are protected under California law. Booz Allen's actions were part of a broader pattern of retaliation against employees seeking to exercise their rights under California law.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT
### CAL. GOVERNMENT CODE § 12940(a)
### (DISCRIMINATION BASED ON GENDER,
### DISABILITY/PERCEIVED DISABILITY, AGE)
### (AGAINST ENTITY DEFENDANTS)

29.    Plaintiff hereby repeats and realleges each and every allegation contained in all of the other paragraphs of this complaint, and incorporates the same by reference with the same force and effect as though set forth in full herein.

30.    Defendants' actions as described herein constitute a continuing course of conduct of discrimination based on gender, disability/perceived disability, age, in violation of FEHA, Cal. Government Code § 12940(a) *et seq*., and California public policy. Defendants subjected Plaintiff to adverse employment actions including refusal to hire, termination and other adverse actions.

31.    Being a woman over 40 with a qualifying disability/perceived disability, Plaintiff was a member of protected groups under FEHA at the time of the termination and other adverse employment actions by Defendants. Plaintiff's gender, disability/perceived disability and/or age were substantial motivating reason for Defendants' decision to terminate and refuse to rehire Plaintiff as described herein. Plaintiff is informed and believes that professionals who are male, younger and/or without disability/perceived disability enjoyed more and superior opportunities to cultivate meaningful mentor relationships with high-level

ABROLAT LAW PC
ATTORNEYS AT LAW

FIRST AMENDED COMPLAINT FOR DAMAGES

executives who advocate for their career advancement. Plaintiff is informed and believes that Booz Allen's promotion of female, older and/or disabled/perceived as disabled professionals like Plaintiff trailed that of their counterparts, particularly in positions of power and responsibility within the company. Defendants also discriminated against Plaintiff in other terms and conditions, including refusing her request for accommodation, refusing her request for temporary part-time work, terminating her, failing to afford her time to locate a new position, changing the terms of the new position, blocking her from transferring with the lab that she had created and ran, among other egregious acts of gender discrimination.

32.    As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional well-being substantially suffered and will continue to suffer. Plaintiff has experienced, and continues to experience, severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that she has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

33.    Defendants' conduct was a substantial factor in causing the aforesaid harm to Plaintiff.

34.    Defendants' conduct as described herein was despicable, malicious and oppressive and done with a conscious disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff; and they had that effect. Thus, Plaintiff is entitled to punitive damages against Defendants and DOES 1-100 under California Civil Code §3294. As a further direct and proximate result of Defendants' actions, Plaintiff is entitled to recover attorney's fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT,
## CAL. GOVERNMENT CODE § 12940(h)
## (RETALIATION)
## (AGAINST ENTITY DEFENDANTS)

9

ABROLAT LAW PC
ATTORNEYS AT LAW

35.    Plaintiff hereby repeats and realleges each and every allegation contained in all of the other paragraphs of this complaint and incorporates the same by reference with the same force and effect as though set forth in full herein.

36.    Defendants' actions as described herein constitute a continuing course of conduct of retaliation, in violation of FEHA, Cal. Government Code § 12940(h). Defendants subjected Plaintiff to retaliation including termination and other adverse actions.

37.    Within a short time after Plaintiff engaged in protected activity by requesting reasonable accommodations in her work schedule and/or leave due to her health, Defendants retaliated against her by refusing to accommodate her request, requiring Plaintiff and her team to suddenly meet unrealistic billable goals, giving her a falsely negative performance evaluation, fraudulently and retroactively adding responsibilities to her job, terminating her, and refusing to return her to work and/or rehire her, among other adverse employment actions.

38.    Both having a qualifying disability that impacted major life activities, including working and being perceived as disabled by Defendants, Plaintiff was a member of a protected group under FEHA at the time of the refusal to return to work or rehire, termination and other adverse employment actions by Defendants. Plaintiff's perceived disability/disability was a substantial motivating reason for Defendants' decision to terminate and refuse to return or rehire Plaintiff as described herein.

39.    As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional well-being substantially suffered and will continue to suffer. Plaintiff has experienced, and continues to experience, severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that she has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

40.    Defendants' conduct as described herein was despicable, malicious

10

and oppressive and done with a conscious disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff; and they had that effect. Thus, Plaintiff is entitled to punitive damages against Defendants and DOES 1-100 under California Civil Code §3294.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

### CAL. GOVERNMENT CODE § 12940(n)

### (FAILURE TO ENGAGE IN INTERACTIVE PROCESS)

### (AGAINST ENTITY DEFENDANTS)

41.    Plaintiff hereby repeats and realleges each and every allegation contained in all of the other paragraphs of this complaint and incorporates the same by reference with the same force and effect as though set forth in full herein.

42.    Defendants' actions as described herein constitute a continuing course of conduct of refusal to engage in interactive process, in violation of FEHA, Cal. Government Code § 12940(n). Defendants were aware and continue to be aware that Plaintiff has a disability and/or perceived Plaintiff as having a disability.

43.    Plaintiff requested that Defendant make reasonable accommodations for her disability/perceived disability so that she would be able to perform essential job requirements.

44.    Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform essential job requirements.

45.    Defendants violated FEHA by failing to participate in a timely, good faith interactive process with Plaintiff to determine whether reasonable accommodation could be made. Instead, Defendants committed acts including but not limited to treating Plaintiff differently in terms and conditions of employment due to her perceived disability/disability, subjecting her to harassment, discrimination and retaliation, and terminating Plaintiff, among other adverse

ABROLAT LAW PC
ATTORNEYS AT LAW

1  employment actions.

2      46.    As a direct and proximate result of Defendants' conduct as set forth

3  above, Plaintiff's emotional well-being has substantially suffered and will continue

4  to suffer. Plaintiff has experienced, and continues to experience, severe emotional

5  distress, in an amount to be proven at trial. Plaintiff alleges that she has and will

6  continue to suffer substantial losses in employment opportunities, employment

7  benefits and other damages, the precise amounts to be proven at trial.

8      47.    Defendants' conduct as described herein was despicable, malicious

9  and oppressive and done with a conscious disregard of Plaintiff's rights. Defendants'

10  acts were designed to humiliate and oppress Plaintiff; and they had that effect. Thus,

11  Plaintiff is entitled to punitive damages against Defendants and DOES 1-100 under

12  California Civil Code §3294.

13  **FOURTH CAUSE OF ACTION**

14  **VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT,**

15  **CAL. GOVERNMENT CODE § 12940(m)**

16  **(FAILURE TO ACCOMMODATE)**

17  **(AGAINST ENTITY DEFENDANTS)**

18      48.    Plaintiff hereby repeats and realleges each and every allegation

19  contained in all of the other paragraphs of this complaint and incorporates the same

20  by reference with the same force and effect as though set forth in full herein.

21      49.    Defendants' actions as described herein constitute a continuing course

22  of conduct of refusal to offer and/or consider reasonable accommodation, in

23  violation of FEHA, Cal. Government Code § 12940(m). Defendants treated Plaintiff

24  as if she had a disability and/or perceived Plaintiff as having a disability that limited

25  her ability to work full-time.

26      50.    Defendants knew of Plaintiff's perceived disability/disability.

27      51.    Plaintiff was able to perform the essential duties of her current

28  position, or a vacant alternative position to which she could have been reassigned,

12

with reasonable accommodation for her perceived disability/disability.

52.    Defendants failed to provide reasonable accommodation for Plaintiff's perceived disability/disability.

53.    As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional well-being has substantially suffered and will continue to suffer. Plaintiff has experienced, and continues to experience, severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that she has and will continue to suffer substantial losses in employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

54.    Defendants' conduct was a substantial factor in causing the aforesaid harm to Plaintiff.

55.    Defendants' conduct as described herein was despicable, malicious and oppressive and done with a conscious disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff; and they had that effect. Thus, Plaintiff is entitled to punitive damages against Defendants and DOES 1-100 under California Civil Code §3294.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT,**

**CAL. GOVERNMENT CODE § 12940(k)**

**(FAILURE TO INVESTIGATE, PREVENT AND/ OR CORRECT FEHA**

**VIOLATIONS)**

**(AGAINST ENTITY DEFENDANTS)**

56.    Plaintiff hereby repeats and realleges each and every allegation contained in all of the other paragraphs of this complaint and incorporates the same by reference with the same force and effect as though set forth in full herein.

57.    Defendants' actions as described herein constitute a failure to investigate, prevent and/or take corrective action to address violations of FEHA complained of by Plaintiff, in violation of FEHA, Cal. Government Code §

ABROLAT LAW PC
ATTORNEYS AT LAW

12940(k). Plaintiff was subjected to discrimination and retaliation in the course of employment.

58.     Defendants failed to take all reasonable steps to investigate, prevent and/or correct discrimination and retaliation.

59.     As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional well-being has substantially suffered and will continue to suffer. Plaintiff has experienced, and continues to experience, severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that she has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

60.     Defendants' conduct as described herein was despicable, malicious and oppressive and done with a conscious disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff; and they had that effect. Thus, Plaintiff is entitled to punitive damages against Defendants and DOES 1-100 under California Civil Code §3294.

## SIXTH CAUSE OF ACTION
### FALSE PROMISE / INTENTIONAL AND NEGLIGENT MISREPRESENTATION
### (AGAINST ALL DEFENDANTS)

61.     Plaintiff hereby repeats and realleges each and every allegation contained in all of the other paragraphs of this complaint and incorporates the same by reference with the same force and effect as though set forth in full herein.

62.     Defendants acted through their agents, including Eric Hoffman. Hoffman and others falsely represented to Plaintiff on different occasions that Booz Allen's billability requirements would not apply to Plaintiff and her team and thus, her performance would not be assessed on billable hours, nor would she have a billable hours requirement. Hoffman and others further misrepresented to Plaintiff that her performance, given she was performing work on the Lab that was not billable, would

be measured by her leadership over the Lab. Lab Defendants knew or should have known that their representations were false when they made them to Plaintiff.

63.    Defendants intentionally or negligently concealed and/or omitted material facts that Plaintiff would be required to suddenly meet unrealistic billability targets, would not be accommodated to work part-time and would be terminated despite being offered a 100% billability position within the company. Defendants knew or should have known that these facts were material when concealed and/or omitted.

64.    Defendants knew or should have known that their representations were false when they made them to Plaintiff but made them to induce Plaintiff to rely on them to her detriment. As a result of Defendants' misrepresentations, Plaintiff was induced to devote eight years of her career to conceiving, developing and improving the lab that was the first of its kind for Booz Allen, and that differentiated the company from its competitors by its reputation to successfully execute highly-specialized niche work, only to be summarily terminated.

65.    Plaintiff was not aware, and could not have been aware, that these representations were false, nor aware of the concealments and omissions, and relied thereon to her detriment by accepting and continuing employment with Defendants.

66.    As a proximate result of the aforesaid material misrepresentations and omissions of Defendants, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses and other employment benefits, and also suffered and continues to suffer severe emotional distress, in an amount to be determined at trial.

67.    Defendants, and each of them, committed these fraudulent acts alleged herein maliciously or negligently, with wrongful intent or negligent conduct causing injury to Plaintiff. Defendants acted with an improper and evil motive amounting to malice and in conscious or negligent disregard of Plaintiff's rights.  Plaintiff is entitled to recover punitive damages from Defendants pursuant to California Civil Code **§** 3294 in an amount to be determined at trial.

ABROLAT LAW PC
ATTORNEYS AT LAW

ABROLAT LAW PC
ATTORNEYS AT LAW

## SEVENTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

## (AGAINST ENTITY DEFENDANTS)

68.    Plaintiff hereby repeats and realleges each and every allegation contained in all of the other paragraphs of this complaint and incorporates the same by reference with the same force and effect as though set forth in full herein.

69.    Entity Defendants terminated Plaintiff.

70.    Plaintiff's complaints about Defendants' violation of public policy including Defendants' violation of the FEHA and California Labor Code section 132a prohibiting retaliation against an employee for suffering a workplace injury, as alleged herein were substantial motivating reasons for Plaintiff's termination.

71.    Plaintiff was harmed in that Plaintiff has suffered, and continues to suffer, severe emotional distress, in an amount to be proven at trial. Plaintiff has also suffered, and will continue to suffer, economic damages, including without limitation, substantial losses in earnings and other compensation, employment benefits, employment opportunities, and other privileges of employment, in an amount to be proven at trial.

72.    The termination was a substantial factor in causing Plaintiff's harm.

73.    Defendants' conduct as described herein was despicable, malicious and oppressive and done with a conscious disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff; and they had that effect. Thus, Plaintiff is entitled to punitive damages against Defendants under California Civil Code section 3294.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA UNCOMPETION LAW

## CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 *ET SEQ.*

## (AGAINST ENTITY DEFENDANTS)

16

74.    Plaintiff hereby repeats and re-alleges each and every allegation contained in all other paragraphs of this complaint, and incorporates them by reference with the same force and effect as though set forth in full herein.

75.    Defendants' violations of the Fair Employment and Housing Act (FEHA), as alleged herein, have been and continue to be unfair, unlawful, and harmful to Plaintiff, the general public, and Defendants' competitors.

76.    A violation of the Unfair Competition Act (UCA) may be predicated on the violation of any state or federal law. As previously stated, Defendants' policies and practices of racial discrimination against minority male and female employees violate both federal and California state laws and regulations, including the FEHA, Title VII of the Civil Rights Act, the Unruh Civil Rights Act, among others.

77.    Given that Defendants' activities, as alleged herein, constitute violations of California and federal discrimination laws, they represent unlawful business acts and practices in violation of California Business and Professions Code Section 17200 et seq. (the UCA).

78.    Under the Unfair Competition Act (UCA), Plaintiff seeks various forms of relief. Plaintiff seeks injunctive relief to halt Defendants' unlawful business practices and to implement measures that prevent future violations. Additionally, Plaintiff seeks restitution for any financial losses or property deprivations caused by Defendants' unfair practices. Plaintiff also requests the disgorgement of the discriminatory differential in pay between Female and White employees, as well as any profits derived from these inequitable practices. Furthermore, Plaintiff seeks civil penalties for each violation of the UCA, declaratory relief to clarify the legal rights and obligations of the parties, and recovery of litigation costs, including reasonable attorney's fees. These remedies are intended to provide relief to the Plaintiff, deter Defendants from continuing their unlawful practices, and protect the public interest.

FIRST AMENDED COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1.    Order Defendants to pay Plaintiff compensatory and general damages according to proof at trial;

2.    Order Defendants to pay Plaintiff prejudgment interest;

3.    Order Defendants to pay Plaintiff's costs of suit;

4.    Order Defendants to pay Plaintiff's reasonable attorneys' fees pursuant to California law, including the FEHA and California Labor Code;

5.    Order Defendants to pay punitive damages;

6.    Order Defendants to pay penalties, interest and any other remedies to Plaintiff pursuant to, without limitation, the California Government Code;

7.    Order Defendants to be enjoined to comply with the FEHA as specified herein; and

8.    Award Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,
Dated: September 19, 2024

ABROLAT LAW PC

By: _____
Nancy Abrolat
Attorneys for Plaintiff
Mehrnaz Mortazavi

FIRST AMENDED COMPLAINT FOR DAMAGES

ABROLAT LAW PC
ATTORNEYS AT LAW

1

## DEMAND FOR JURY TRIAL

2        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Donald

3  Guilford, hereby demands a trial by jury on all issues so triable within this action.

4

5

6  Respectfully submitted,                    ABROLAT LAW PC
   Dated: September 19, 2024
7

8                                    By: _____

9                                         Nancy Abrolat
10                                        Attorneys for Plaintiff
                                          Mehrnaz Mortazavi
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the action.  My business address is 1901 Avenue of the Stars, 2nd Floor, Los Angeles, CA 90067.

On **September 19, 2024**, I served the following document(s) by the method indicated below:

## FIRST AMENDED COMPLAINT FOR DAMAGES

I served the documents on the following persons at the following addresses (including email addresses)

## SEE ATTACHED SERVICE LIST

The documents were served by the following means:

**X**     (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on the agreement of the Parties to accept service by email or electronic transmission, I caused the documents to be sent from the email address indicated on the signature line to the person(s) at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **September 19, 2024,** at Los Angeles, California.

*Solimar C.*

_____
Solimar Chinchilla
Email: Solimar@EmployLawLA.com

FIRST AMENDED COMPLAINT FOR DAMAGES

# SERVICE LIST

*Mehrnaz Mortazavi v. Booz Allen Hamilton, Inc., et al.*
Case No. 24STCV16398

Racheal Lavi
Grace L. Waddell
Littler Mendelson P.C
2049 Century Park East 5th Floor
Los Angeles, CA 90067
rlavi@littler.com
gwaddell@littler.com
JNewcombCarter@littler.com
MGerard@littler.com

FIRST AMENDED COMPLAINT FOR DAMAGES