UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHRNAZ MORTAZAVI,<br><br>    Plaintiff,<br><br>v.<br><br>BOOZ ALLEN HAMILTON, INC. et al.,<br><br>    Defendants. | Case No. 2:24-cv-07189-SB-RAO<br><br>ORDER GRANTING MOTION TO REMAND [DKT. NO. 18] |

    Plaintiff Mehrnaz Mortazavi filed this action in state court against her former employer, Defendant Booz Allen Hamilton, Inc. Raising a variety of state-law claims, Plaintiff alleges that Booz Allen discriminated and retaliated against her based on her age, gender, and perceived disability. Plaintiff also alleges a single claim for "false promise / intentional and negligent misrepresentation" against Defendant Eric Hoffman, one of her supervisors. Dkt. No. 1-2 ¶¶ 61–67. Plaintiff and Hoffman are both California citizens. Nevertheless, Booz Allen removed this case based solely on diversity jurisdiction, arguing that Hoffman was fraudulently joined. Dkt. No. 1. Plaintiff now moves to remand. Dkt. No. 18. The Court held a hearing on the motion to remand on October 11, 2024.

    The parties' briefing suffers from significant deficiencies. Not only was Plaintiff's motion filed after a deadline set by the Court, but Plaintiff's counsel improperly relied on artificial intelligence to draft it, resulting in citations to nonexistent allegations and case law—sanctionable conduct that the Court addresses separately. Booz Allen's opposition, while not sanctionable, relies on the wrong legal standard. Notwithstanding these problems, the Court has an independent obligation to ensure that it has subject-matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and thus considers the motion.

    Federal courts have subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S.

375, 377 (1994).  A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  However, in assessing diversity, courts "disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2019).

A defendant who removes a case based on diversity jurisdiction premised on an allegation of a fraudulently joined nondiverse defendant must overcome both the strong presumption against removal jurisdiction and the presumption against finding fraudulent joinder.  *Id.* at 548–50.  Given these presumptions, a district court must remand the case if there is "a possibility that a state court would find that the complaint states a cause of action" against the nondiverse defendant.  *Id.* at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).  This "'possibility' standard"—which requires the removing party to show that the allegations against the nondiverse defendant are "wholly insubstantial and frivolous"—is not equivalent to the motion-to-dismiss standard under Federal Rule of Civil Procedure 12(b)(6).  *Id.* at 549–50 (cleaned up).  It is not enough that the complaint fails to state a claim; the court must also consider whether the alleged pleading defects "can possibly be cured" by amendment.  *Id.* at 550.  Any doubts about the propriety of removal must be resolved in favor of remand.  *Id.*

Booz Allen fails to satisfy its "heavy burden" under *Grancare*.  *Id.* at 548 (quoting *Philip Morris*, 582 F.3d at 1046).  Indeed, Booz Allen neglected to mention *Grancare* in its removal or opposition papers and expressly applied the wrong standard—addressing only the adequacy of Plaintiff's claim against Hoffman as pleaded in the original complaint, and not whether the defects could possibly be cured.  *See* Dkt. No. 21 at 4 ("[T]he relevant question is whether Plaintiff sufficiently pleaded her fraud claim against Hoffman.").  At the hearing, Booz Allen claimed that its opposition papers indirectly applied *Grancare* by citing *Hunter v. Philip Morris*, upon which *Grancare* had relied.  That claim is without merit:  Booz Allen distinguished *Philip Morris* without mentioning the possibility standard and "ask[ed] this Court to consider . . . *the viability of Plaintiff's Complaint as pled* based on the heightened pleading standard for a fraud claim."  Dkt. No. 21 at 4–5 (emphasis added).

Booz Allen does raise two arguments that, if correct, would satisfy its burden, but they fall short.  First, relying on *Hunter v. Up-Right, Inc.*, 6 Cal. 4th

2

1174 (1993), Booz Allen asserts that "Plaintiff cannot assert a fraud claim against Hoffman (or Booz Allen) based on her termination alone." Dkt. No. 21 at 6. In *Hunter*, the California Supreme Court held that there can be no detrimental reliance required to prove a fraud claim when an employer uses a falsehood to terminate an employee who the employer otherwise had the right to terminate. 6 Cal. 4th at 1184-85 (concluding that "no independent fraud claim arises from a misrepresentation aimed at termination of employment"). But *Hunter* emphasized that "a misrepresentation *not* aimed at effecting termination of employment, but instead designed to induce the employee to alter detrimentally his or her position in some other respect, might form a basis for a valid fraud claim." *Id.*[1] Booz Allen does not argue that Plaintiff could not amend her fraud claim to allege that she suffered some harm separate from her termination in reliance on the alleged misrepresentations. On this record, the Court simply cannot conclude that *Hunter* presents an insurmountable obstacle to Plaintiff's claim against Hoffman that would warrant a finding of fraudulent joinder.

Second, Booz Allen argues that the manager's privilege gives Hoffman immunity from individual liability for his role in terminating Plaintiff's employment. But Booz Allen identifies no cases applying the privilege to bar fraud claims, and "there are numerous cases from both California state courts and district courts refusing to apply the manager's privilege outside the scope of claims for intentional interference with contractual relationship." *Hernandez v. Ignite Rest. Grp., Inc.*, 917 F. Supp. 2d 1086, 1091 (E.D. Cal. 2013) (collecting cases); *see also Atkins v. Prudential Ins. Co. of Am.*, No. 13-CV-3956-JFW, 2013 WL 2898048, at *2 (C.D. Cal. June 13, 2013) (identifying various uncertainties surrounding the manager's privilege that precluded a finding of fraudulent joinder). The law on which Booz Allen relies is, at best, uncertain, and such uncertainty requires remand.

---

[1] California courts have recognized this distinction in subsequent case law. *See e.g.*, *Lazar v. Superior Court*, 12 Cal. 4th 631, 635–37, 643 (1996) (finding *Hunter* did not bar a fraud claim when the discharged plaintiff allegedly relied to his detriment on the employer's misrepresentation that his job would be secure by incurring costs in relocating his family); *Muhammad v. Islamic Soc. of Orange Cnty.*, No. G036534, 2008 WL 855127, at *23 (Cal. Ct. App. Mar. 28, 2008) (holding *Hunter* did not preclude a fraud claim by a terminated plaintiff alleging that defendants concealed facts to keep her working longer than she would have had she known the truth, which impeded her from securing new employment).

3

    Because Booz Allen has not satisfied its burden to establish that Hoffman has been fraudulently joined, it has not shown that this Court has subject-matter jurisdiction. Accordingly, Plaintiff's motion is granted, and this case is remanded to the Los Angeles Superior Court.[2] In light of the remand, Booz Allen's motion to dismiss, Dkt. No. 35, is denied as moot.

Date: October 16, 2024

                                                Stanley Blumenfeld, Jr.
                                            United States District Judge

---

[2] The Court, however, retains jurisdiction to impose sanctions under Rules 11 and 16, which it addresses in a separate order. *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (holding that a court that lacks removal jurisdiction may issue sanctions under Rule 11); *Tellado v. IndyMac Mortg. Servs.*, 707 F.3d 275, 281–82 (3d Cir. 2013) (applying *Willy* to affirm the imposition of Rule 16 sanctions by a court that lacked subject-matter jurisdiction).