cc: Fiscal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHRNAZ MORTAZAVI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BOOZ ALLEN HAMILTON, INC. et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-07189-SB-RAO<br><br>ORDER IMPOSING SANCTIONS ON PLAINTIFF'S COUNSEL |

　　　The Court issued an order to show cause (OSC) why Plaintiff's counsel should not be sanctioned for (1) repeated violations of the Court's rules and orders and (2) her undisclosed use of generative artificial intelligence (AI) in preparing a brief filed with the Court. Dkt. No. 27. After counsel filed written responses to the OSC (Dkt. Nos. 36, 40, 42), the Court held a hearing on October 11, 2024. In light of counsel's serious failure to adhere to her obligations under Federal Rule of Civil Procedure 11, sanctions are warranted.

I.

　　　Defendant Booz Allen Hamilton, Inc. removed this case on August 23, 2024, asserting the Court had diversity jurisdiction because nondiverse Defendant Eric Hoffman was fraudulently joined. Dkt. No. 1. On August 26, the Court ordered the parties to meet and confer to discuss the claim against Hoffman and ordered Plaintiff to either dismiss her claim against him or file a motion to remand by September 6. Dkt. No. 13.

　　　Booz Allen moved to dismiss on August 30, but the Court struck the motion because the parties had failed to meet and confer as required by Local Rule 7-3 and the Court's Standing Order. Dkt. No. 15. The Court found Plaintiff's counsel more culpable for the violation—as she failed to respond to opposing counsel's

1

request for a conference—and warned her of the consequences of continued noncompliance. *Id.*

On September 11, Plaintiff filed her motion to remand, five days after the Court's deadline. Dkt. No. 18. In doing so, Plaintiff's counsel failed to meet and confer with opposing counsel sufficiently in advance of filing, ignoring the Court's warning and violating Rule 7-3. She explained she had overlooked the Court's August 26 order setting the September 6 deadline. *Id.* at 1. The Court elected not to issue an OSC re sanctions and admonished her instead. Dkt. No. 19.

The most troubling conduct came to light upon review of the motion to remand. The Court identified significant errors in the motion, including reliance on a fabricated case and the use of fabricated quotations from the complaint. Dkt. No. 18. As a result, the Court ordered Plaintiff's counsel to disclose whether she had used AI in drafting the motion. Dkt. No. 25. She responded in a declaration that she had used AI in preparing the motion, Dkt. No. 26, prompting the Court to issue an OSC re sanctions.[1] Dkt. No. 27.

## II.

The Court has authority under Rule 11 to sanction Plaintiff's counsel. Under Rule 11(b), an attorney, by filing any paper with a court, certifies that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the legal and factual contentions in the paper have a basis in law and fact. If a court determines that Rule 11(b) has been violated, "after notice and a reasonable opportunity to respond," it may impose an appropriate sanction on the party or attorney responsible for the violation. Fed. R. Civ. P. 11(c). A court has "wide discretion in determining the appropriate sanction for a Rule 11 violation." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987). In addition, a court has authority under Rule 16(f) to sanction a party or attorney who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1); *Ayers v. City of Richmond*, 895 F.2d 1267, 1269 (9th Cir. 1990) ("An award of sanctions under Fed. R. Civ. P. 16(f) is within the discretion of the district court.").

---

[1] The Court's Civil Standing Order requires a party who uses generative AI in drafting a filed document to provide "a separate declaration disclosing the use of artificial intelligence and certifying that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligations." Dkt. No. 9 at 6.

Here, Plaintiff's counsel clearly violated Rule 11. It should go without saying that a lawyer is not allowed to rely on fabricated legal authority and nonexistent pleading allegations in any motion filed with a court. Yet it has to be said because Plaintiff's counsel argued at the hearing that there is no basis for imposing Rule 11 sanctions because she had no intent to deceive or mislead the court. Of course, a lawyer's obligation under Rule 11 is not satisfied so long as the document filed is free of deceit. Rule 11 requires more. *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 542 (1991) ("A signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive."); *see Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) ("A violation of [Rule 11] does not require subjective bad faith."). While a lawyer may use AI for assistance, she is fully responsible for the contents of the generated product submitted in the filing—and that responsibility is not diminished in the least when the machine goes rogue. Cited facts and law must be checked to see if they exist and to determine whether they support the proposition for which they are cited. This, too, should go without saying—yet it, too, has to be said.

Sanctions are appropriate in this case. The only remaining question is the size and scope of those sanctions. Plaintiff's counsel provided two reasons for her mistakes: she claims that she was rushing to complete the motion to remand after she discovered she had missed the filing deadline; and she was experiencing medical issues during that time. Dkt. No. 36 ¶¶ 14–15, 31, 37. These explanations carry limited weight in this case. Of course, health issues that interfere with a person's ability to fulfill an obligation should be given serious consideration. But that person must address the issue in a manner that is reasonable under the circumstances—which was not done here. Plaintiff's counsel was well enough to file a motion, albeit belatedly. If she was not able to do so competently, she could have requested an extension or asked one of her colleagues to assist. She did neither. Nevertheless, in deciding the amount of sanctions, the Court takes into account (to a limited extent) the health issue raised and (to a greater extent) the specific and thoughtful corrective measures she has taken to prevent future violations.

Accordingly, the Court SANCTIONS Plaintiff's counsel of record in this case in the amount of $2,500, to be paid into the Fiscal Section of the Clerk's Office no later than December 30, 2024. By that same date, counsel also shall

notify the California State Bar of the sanction, attaching a copy of this order. Proof of payment and notification shall be filed by January 3, 2025.

Date: October 30, 2024

                                              Stanley Blumenfeld, Jr.
                                          United States District Judge